**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Sandra Worthing Alves, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: _____ |
| | ) | |
| v. | ) | Judge: _____ |
| | ) | |
| Internet Truckstop Payments, LLC, | ) | |
| c/o Registered Agent | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | **NOTICE OF REMOVAL** |
| Internet Truckstop Group, LLC, | ) | |
| c/o Registered Agent | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| Truckstop.com, LLC, | ) | |
| Aka Truckstop, Truckstop Load Board, | ) | |
| The Internet Truckstop, | ) | |
| c/o Registered Agent | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| Truckstop Factoring, a trade name and operating | ) | |
| Division of Internet Truckstop Payments, LLC | ) | |
| c/o Internet Truckstop Payments, LLC | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| RMIS – Registry Monitoring Insurance, Services, LLC, | ) | |
| c/o Registered Agent | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| Denim, Inc., | ) | |
| c/o Registered Agent | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| Total Quality Logistics, LLC | ) | |

28136175 v1

|  | ) |
| --- | --- |
| Defendant, | ) |
|  | ) |
| Risk Factors, | ) |
| c/o RMIS, LLC | ) |
|  | ) |
| Defendant, | ) |
|  | ) |
| Safer Watch | ) |
| c/o RMIS, LLC | ) |
|  | ) |
| Defendant, | ) |
|  | ) |
| Magellan Transport Logistics, Inc. | ) |
|  | ) |
| Defendant, | ) |
|  | ) |
| DAT Freight & Analytics, LLC | ) |
|  | ) |
| Defendant, | ) |
|  | ) |
| C.H. Robinson Worldwide, Inc. | ) |
|  | ) |
| Defendant, | ) |
|  | ) |
| MarcoPoint, Inc. | ) |
|  | ) |
| Defendant. | ) |

Pursuant to 18 U.S.C. § 1331, 28 U.S.C. §§ 1441(a) and (c), and 28 U.S.C. § 1446, Defendant C.H. Robinson Worldwide, Inc. ("C. H. Robinson") hereby gives notice of the removal of this cause of action from the Court of Common Pleas of Cuyahoga County, Ohio, to this Court based upon the following:

**PROCEDURAL STATUS OF THE CASE**

1. On December 10, 2025, *pro se* Plaintiff Sandra Worthing Alves commenced this action by filing her initial Complaint in the Court of Common Pleas of Cuyahoga County, Ohio. The matter was styled *Sandra Worthing Alvez v. Internet Truckstop Payments LLC, et al.*, Case

28136175 v1

No. 25 CV 12 9498 (the "State Court Action"). Plaintiff did not name C.H. Robinson as a defendant in her initial Complaint.

2. The State Court Action was originally assigned to Judge Maureen Clancy. However, the case was subsequently reassigned to the commercial docket to Judge John Russo.

3. The same day that Plaintiff filed her initial Complaint, she also filed a Motion for a Temporary Restraining Order. That motion was denied *sua sponte* on December 16, 2025.

4. The next day, December 17, 2025, Plaintiff filed her First Amended Complaint, adding C.H. Robinson as a defendant for the first time.

5. C.H. Robinson was served with the Summons and First Amended Complaint on December 23, 2025.

6. On January 14, 2026, Plaintiff filed a Second Amended Complaint, without leave of the Court of Common Pleas, as required by Ohio Civil Rule 15(A), which states, "[A] party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." As a result, Plaintiff's First Amended Complaint, filed December 17, 2025, remains the operative pleading for the basis of this removal.[1]

7. Two days after filing her Second Amended Complaint, Plaintiff filed another Motion for a Temporary Restraining Order against the defendants in the State Court Action,

---

[1] Additionally, as of the date of this Notice of Removal, Plaintiff has not served her Second Amended Complaint on C.H. Robinson.

28136175 v1

including C.H. Robinson. On January 20, 2026, Judge John Russo issued an order *sua sponte* denying this motion as moot.

8.   C.H. Robinson has not yet filed its Answer or otherwise responded to the operative First Amended Complaint.

9.   This Notice of Removal is being filed in the record office of the Clerk of the United States District Court for the Northern District of Ohio, Eastern Division.

## BACKGROUND

10.   C.H. Robinson is a federally licensed freight broker. C.H. Robinson arranges the transportation of freight for its customers, but it is not a motor carrier or driver.

11.   Plaintiff alleges that she is a motor carrier doing business as "All Directions Trucking, MC#1710778." (*See First Amended Complaint* at 29).

12.   Plaintiff's First Amended Complaint alleges that C.H. Robinson, along with the other Defendants, operated together as an "Enterprise" to manipulate the trucking market, resulting in adverse business and personal outcomes for Plaintiff. (*See First Amended Complaint, generally.*)

13.   Plaintiff's First Amended Complaint alleges that C.H. Robinson and other Defendants violated U.S.C. § 1961-68, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), by engaging in racketeering activity and committing Wire Fraud in violation of 18 U.S.C. § 1343. Plaintiff's First Amended Complaint also alleges that C.H. Robinson and other Defendants committed Extortion by economic fear in violation of 18 U.S.C. § 1951 (the "Hobbs Act"). (*See First Amended Complaint* at 41-42, 46-53, 79-88, 107-08, 211-12.)

14.   Plaintiff's First Amended Complaint further alleges that C.H. Robinson and other Defendants committing racketeering activity by engaging in a Conspiracy under 18 U.S.C. §

1962(d) because "each Defendant knowingly agreed and conspired to conduct and participate in the conduct of the Enterprise's affairs through a pattern of racketeering activity." (*See First Amended Complaint* at 53-54.)

15. Plaintiff's First Amended Complaint further alleges Defendants violated 15 U.S.C. §§ 1-2 (the "Sherman Act") through a concerted Restraint of Trade by "participat[ing] in a concerted refusal to deal by conditioning access to a brokered freight on compliance with uniform third-party platform mandates, aligning with other brokers and platform defendants to exclude non-compliant carriers." (*See First Amended Complaint* at 213, 43-44, 213.)

16. Plaintiff's First Amended Complaint also alleges that Defendant Truckstop Factoring engaged in Financial Concealment and Money Laundering in violation of 18 U.C.S. §§ 1956-57. (*See First Amended Complaint* at 195 against Defendant Truckstop Factoring.)

17. In addition to alleging various violations of federal laws, Plaintiff's First Amended Complaint also alleges several state law claims against Defendants individually and collectively, including the following: (1) declaratory judgment (*see First Amended Complaint throughout*); (2) tortious interference with business relationships and contractual relations (*Id.* at 59-62); (3) Ohio Antitrust law under the Valentine Act, O.R.C §§ 1331.01-1331.99 (*Id.* at 59-64, 77, 241-15); (4) Ohio RICO claims under O.R.C. § 2923.32 (*Id.* at 152, specifically against Denim, Inc.); (5) Ohio Corrupt Activity Act under O.R.C. § 2923 (*Id.* at 76-77); (6) Ohio Deceptive Trade Practices act under O.R.C. §§ 4165.01-4165.04 (*Id.* at 215-16); and (7) Ohio common law unfair competition (*Id.* at 216-17).

18. Plaintiff's First Amended Complaint seeks compensatory damages in the amount of $80,000, not including interest and costs, for alleged "lost loads and revenue, wrongfully delayed," among other specific harm, costs and fees for filing and appointment of Special Masters,

interest, punitive damages, and treble damages under O.R.C. § 2923.34(E), 18 U.S.C. § 1964(c) (RICO), and 15 U.S.C. § 15 (Sherman Act). (*See First Amended Complaint* at 9, 231-35).

19. Plaintiff further seeks (a) a declaratory judgment that Defendants' conduct was unlawful; (b) injunctive and equitable relief in the form of Temporary Restraining Order; (c) an injunction preventing Defendants from engaging in alleged wrongdoing; and (d) disgorgement and restitution, seeking profits Defendants allegedly unlawfully obtained from their alleged prohibited conduct. (*See First Amended Complaint* at 231-35.)

## BASIS FOR FEDERAL COURT ORIGINAL JURISDICTION

20. Under 18 U.S.C. Code § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

21. Because Plaintiff's claims involve an alleged federal conspiracy and violations of federal laws (including, *inter alia*, RICO, the Sherman Act, and the Hobbs Act), this matter arises from the laws of the United States and thus the federal courts have "original jurisdiction" according to 18 U.S.C. § 1331.

## PROPRIETY OF REMOVAL

22. This Notice of Removal is timely because it is filed within thirty (30) days of C.H. Robinson's receipt of the First Amended Complaint, in accordance with 28 U.S.C. § 1446(b).

23. This Court has original jurisdiction of this matter under 18 U.S.C. Code § 1331. Consequently, this matter is properly removable to this Court under 28 U.S.C. § 1441(a), which states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

24. The Northern District of Ohio, Eastern Division, is the U.S. District Court embracing Cuyahoga County, Ohio.

25. Removal of this matter is not barred by 28 U.S.C. § 1445.

26. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of the Complaint, First Amended Complaint, Second Amended Complaint, first Motion for a Temporary Restraining Order, second Motion for a Temporary Restraining Order, the Proofs of Service on each Defendant, and Notice of Appearance of Counsel for Defendant DAT Freight & Analytics, LLC ("DAT"); are attached hereto as **EXHIBITS 1-21**. No other process, pleadings or orders have been served upon the Defendants.

27. Pursuant to 28 U.S.C. § 1446(b)(2)(a), C.H. Robinson attempted to contact all defendants that have been served properly with the First Amended Complaint, *i.e.*, DAT; Magellan Transport Logistics, Inc. ("Magellan"); Total Quality Logistics, LLC ("TQL"); MacroPoint, Inc. ("MacroPoint"); Highway App, Inc. ("Highway App"); and Denim, Inc. ("Denim"). C.H. Robinson obtained consent for removal from DAT, Magellan and TQL. C.H. Robinson attempted to identify a registered service agent or counsel for MacroPoint, Highway App, and Denim through Secretary of State records and corporate hierarchy research but was either unable to identify a registered service agent or unable to identify means to contact counsel.

28. Pursuant to 28 U.S.C. § 1446(a) and (d), C.H. Robinson provided written notice to Plaintiff of this removal and will promptly file a copy of this Notice with the Common Pleas Court of Cuyahoga County in *Sandra Worthing Alvez v. Internet Truckstop Payments LLC, et al.*, Case No. 25 CV 12 9498 as required by 28 U.S.C. § 1446(d). A copy of the Notice to be filed with the Court of Common Pleas is attached hereto as **EXHIBIT 22.**

**WHEREFORE**, C.H. Robinson removes the above-captioned action from the Court of Common Pleas of Cuyahoga County, Ohio, to the United States District Court for the Northern District of Ohio, Eastern Division.

Respectfully submitted,

Dated:  January 20, 2026

*/s/ Clare R. Taft*
Eric Larson Zalud (0038959)
Clare R. Taft (0076570)
**BENESCH, FRIEDLANDER,**
  **COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
Email:
ezalud@beneschlaw.com
ctaft@beneschlaw.com

*Counsel for Defendant C.H. Robinson Worldwide, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served via regular U.S. Mail postage prepaid, this 20th day of January 2026, upon:

Sandra Worthing Alves
b/b/a/ All Directions Trucking
MC#1710778
2550 Byron Dr.
North Olmstead, Ohio 44070
*Plaintiff*

Internet Truckstop Payments, LLC
c/o Registered Agent
222 North Plymouth Ave.
New Plymouth, Idaho 83655
*Defendant*

Internet Truckstop Group, LLC
c/o Registered Agent
222 North Plymouth Ave.
New Plymouth, Idaho 83655
*Defendant*

Truckstop.com, LLC
Also known as Truckstop; Truckstop Load Board; The Internet Trucksop
c/o Registered Agent
222 North Plymouth Ave.
New Plymouth, Idaho 83655
*Defendant*

Truckstop Factoring
A trade name and operating division of Internet Truckstop Payments, LLC
c/o Internet Truckstop Payments, LLC
222 North Plymouth Ave.
New Plymouth, Idaho 83655
*Defendant*

Matt Wiles
200 Public Square, Suite 3000
Cleveland, Ohio 44114
mwiles@frantzward.com

RMIS – Registry Monitoring Insurance Services, LLC
c/o Registered Agent
222 North Plymouth Ave.
New Plymouth, Idaho 83655
*Defendant*

Risk Factors
c/o RMIS, LLC
222 North Plymouth Ave.
New Plymouth, Idaho 83655
*Defendant*

Safer Watch
c/o RMIS, LLC
222 North Plymouth Ave.
New Plymouth, Idaho 83655
*Defendant*

Denim, Inc.
c/o Registered Agent
1444 South Entertainment Ave., Suite 110
Boise, Idaho 83709
*Defendant*

Magellan Transport Logistics, Inc.
8505 Baycenter Rd.
Jacksonville, Florida 32256
*Defendant*

MacroPoint, Inc.
c/o Registered Agent
3350 Riverwood Parkway, Suite 1900
Atlanta, Georgia 30339
*Defendant*

*Attorney for Defendant Total Quality Logistics, LLC*

Kristin L. Bryan
James M. Brennan
1120 Ave. of the Americas
New York, New York, 100036
kristin.bryan@squirepb.com
james.brennan@squirepb.com
*Attorneys for Defendant DAT Freight & Analytics, LLC*

/s/ Clare R. Taft
Clare R. Taft