IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

FILED

JAN 23 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| SANDRA WORTHING | ) | Case No. 1:26-CV-00150 |
| ALVES, | ) | The Honorable Dan Polster |
| d/b/a All Directions | ) | |
| Trucking, | ) | MOTION TO ANCHOR |
| Plaintiff, | ) | ADOPT & |
| | ) | INCORPORATE THE |
| v. | ) | STATE COURT RECORD |
| | ) | |
| INTERNET TRUCKSTOP | ) | |
| PAYMENTS, LLC, et al., | ) | |
| Defendants. | ) | |

PLAINTIFF'S MOTION TO ADOPT, INCORPORATE, AND ANCHOR THE STATE-COURT RECORD

AND TO CONFIRM **THE SECOND AMENDED COMPLAINT** AS THE OPERATIVE PLEADING

1

Plaintiff Sandra Worthing Alves, d/b/a All Directions Trucking, respectfully moves this Court for an Order adopting, incorporating, and anchoring the complete record of proceedings from the Cuyahoga County Court of Common Pleas, Case No. CV-25-129498, into the federal docket, and for confirmation that **the Second Amended Complaint** remains—and has always been—the operative pleading in this action.

This motion is compelled by the rambling, disjointed, and post hoc manner in which Defendant C.H. Robinson Worldwide, Inc. has attempted to re-present the state-court proceedings following removal, including segmented federal filings that narrate, editorialize, and steer the record rather than transmit it faithfully.

I. NARROW PURPOSE OF THIS MOTION

This motion is not directed to the merits of any claim or defense. It is filed to restore procedural order and to protect this Court from being required to decipher a litigant's retrospective narration of another court's docket.

Removal authorizes the transfer of jurisdiction. It does not authorize post hoc storytelling, selective reconstruction, or narrative steering of the record.

II. PROCEDURAL REALITY BEFORE REMOVAL

Before removal, Plaintiff filed the **Second Amended Complaint** in the Cuyahoga County Court of Common Pleas.

2

No defendant had answered.

No defendant had filed a motion.

No defendant had sought dismissal, a stay, or any other responsive relief.

The **Second Amended Complaint** was filed cleanly, procedurally, and as of right. It immediately became the controlling pleading and superseded all prior complaints.

III. SERVICE AND ACTUAL NOTICE OF THE SECOND AMENDED COMPLAINT

Defendant C.H. Robinson Worldwide, Inc. was served with the **Second Amended Complaint** on or about January 16, 2026.

Defendant did not challenge service.

Defendant did not seek additional time.

Defendant did not respond to the pleading.

Instead, Defendant waited approximately four days and elected to remove the action to this Court.

Having been served, and having taken removal based on a live **Second Amended Complaint**, Defendant now attempts to suggest that the pleading is somehow not operative—while simultaneously summarizing and narrating its allegations in post-removal filings.

That position is internally inconsistent and emblematic of the post hoc, narrative-driven approach necessitating this motion.

## IV. DISJOINTED AND POST HOC FILINGS FOLLOWING REMOVAL

After invoking federal jurisdiction and thereby divesting the state court of authority, Defendant engaged in a procedurally irregular course of conduct that has obscured the record before this Court.

Specifically:

1. Defendant filed additional materials in the state-court docket one day after removal, notwithstanding the automatic divestiture of jurisdiction under 28 U.S.C. § 1446(d).

2. Defendant then submitted multiple segmented filings in this now divested Court, a day later purporting to recount, summarize, and narrate the state-court proceedings rather than simply attach the record itself.

3. These filings were submitted in a disjointed sequence: Parts 2 and 6 were time-stamped on one day; Parts 1 and 3 appeared the following day; Parts 4 and 5 are conspicuously absent.

4. The resulting presentation is incomplete, internally inconsistent, and rambling—forcing the Court to piece together a story rather than review a record.

5. Defendant further attempts to characterize the state court's handling of Plaintiff's TRO motion using language suggestive of judicial conclusions that do not appear in any written order.

This is not record transmission. It is narrative reconstruction.

4

## V. THE **SECOND AMENDED COMPLAINT** REMAINS THE LEAD AND OPERATIVE PLEADING

**The Second Amended Complaint** was:

- filed before any answer or motion,

- served on Defendant prior to removal,

- the live pleading at the time of removal, and

- the pleading upon which removal was predicated.

Removal did not nullify it.

Post hoc narration does not displace it.

Segmented filings do not demote it.

**The Second Amended Complaint** remains the lead and operative pleading unless and until this Court orders otherwise.

## VI. GOVERNING LAW

Under 28 U.S.C. § 1446(a), a removing defendant must file copies of all process, pleadings, and orders served upon it.

5

Under 28 U.S.C. § 1450, all proceedings had in state court prior to removal remain effective unless modified by this Court.

Neither statute authorizes narrative summaries, post hoc editorialization, or continued litigation activity in a divested forum.

Removal transfers jurisdiction—not authorship of the record.

## VII. NECESSITY OF FORMAL ADOPTION AND ANCHORING

Given the fragmented, rambling, and post hoc filings now appearing on the federal docket, a formal order is necessary to:

- anchor the actual state-court record;

- prevent further narrative steering;

- confirm the **Second Amended Complaint** as the operative pleading; and

- allow this case to proceed on what was actually filed—not on how a party now describes it.

## VIII. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Adopt and incorporate the complete state-court docket and filings from the Cuyahoga County Court of Common Pleas, Case No. CV-25-129498;

6

B. Anchor that record as the authoritative procedural history of this action;

C. Confirm that the **Second Amended Complaint** is the operative pleading;

D. Clarify that narrative summaries and segmented post hoc filings do not substitute for the record itself; and

E. Grant such other relief as the Court deems just and proper to restore orderly case management following removal.

Respectfully submitted,

/s/ Sandra Worthing Alves

Sandra Worthing Alves

d/b/a All Directions Trucking

25540 Byron Dr

North Olmsted, OH 44070

Email: adt@alldirections247.com

Phone: 440-591-0354

MC #: 1710778