UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SANDRA WORTHING ALVES,<br><br>  Plaintiff,<br><br>vs.<br><br>INTERNET TRUCK STOP PAYMENTS, LLC, et al.,<br><br>  Defendants. | Case No. 1:26-cv-00150-DAP<br><br>Judge: Dan Aaron Polster<br><br>Magistrate Judge: Jonathan D. Greenberg |

**MOTION TO DISMISS FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Defendant DAT Solutions, LLC d/b/a DAT Freight & Analytics ("DAT") hereby moves under Fed. R. Civ. P 12(b)(6) to dismiss Plaintiff Sandra Worthing Alves's ("Plaintiff") First Amended Complaint, ECF 1-2, for failure to state a claim. In the alternative, DAT moves under Fed. R. Civ. P. 12(e) for a more definite statement.

**I.  INTRODUCTION**

In her First Amended Complaint ("FAC"), Plaintiff asserts sprawling claims and grievances against the entire American freight and logistics industry. Software provider DAT—which is one of fifteen named defendants along with 29,061 "John Doe Brokers" and 100 "John Doe Factoring Partners"—is apparently identified in Plaintiff's filing not for acts committed by DAT, but because of allegations "upon information and belief" that DAT makes it easier for *others*, including truckers other than Plaintiff, to commit bad acts.  See FAC, ECF 1-2 at PageID # 80.  Even in her own description of the "role of each defendant in the enterprise" that Plaintiff rails against, there is no mention of DAT.  See id. at PageID # 133–36; see also id. at 126 (listing the "member of an association-in-fact enterprise" but excluding DAT).  Whatever the

substance of Plaintiff's grievance is with the freight and logistics industry, DAT is not a proper defendant.

And it is not clear what Plaintiff's claims against the freight and logistics industry even are. Plaintiff's FAC is 243 pages of incoherent text incorporating narrative prose, document requests, and discovery motions all under the purported caption of a pleading. It flouts several essential pleading requirements under the Federal Rules of Civil Procedure, including use of numbered paragraphs, concise allegations, and a "short and plain" statement of relief. *See* Fed. R. Civ. P. 8(a), 8(d)(1) & 10(b). There is also no enumeration of causes of action or any other intelligible structure that would allow DAT to determine which claims or allegations are being asserted against it. To the extent the FAC identifies statutes and names "counts," there are no plausible allegations sufficient to state a claim against DAT.

Thus, the entirety of Plaintiff's FAC against DAT should be dismissed for two independently sufficient reasons: (A) its failure to satisfy fundamental federal pleading requirements and (B) its failure to plausibly state a claim for relief. In the alternative, Plaintiff should be ordered to file a more definite statement notifying DAT of the claims and allegations against it and reasonably allowing DAT to prepare a responsive pleading.

## II. PROCEDURAL HISTORY

Plaintiff initiated this case on December 10, 2025, when she filed in the Cuyahoga County Common Pleas Court, Case No. CV 25 129498, a 30-page, self-described "Super Complaint," ECF 1-1, along with a motion for an emergency *ex parte* temporary restraining order, ECF 1-4. Plaintiff's Super Complaint named eleven defendants, including DAT. *See* Super Complaint ¶¶ 2– 12, ECF 1-1. On December 16, 2025, the Court of Common Pleas denied Plaintiff's motion for an *ex parte* temporary restraining order. The very next day, on December 17, 2025, Plaintiff filed the significantly expanded 243-page FAC. ECF 1-2. Plaintiff's FAC proceeded to include fifteen

named defendants (plus over 29,000 John Doe defendants) and, as made clear from a cursory review of the FAC, set forth intermittent, inconsistently formatted lines of text without clear identification of Plaintiff's claims and allegations. *See generally* FAC, ECF 1-2. After expending much effort to make sense of the filing, DAT's best understanding is that Plaintiff's attempted claims against DAT are:

1. Violation of the federal Racketeer Influenced and Corrupt Organizations Act ("Federal RICO"), U.S.C. §§ 1961–68 (*see* Page ID # 84–86, 123–53);
2. Violation of the Ohio corrupt activity statute ("Ohio RICO"), R.C. 2923.31–.36 (*see* Page ID # 120–21);
3. Agreement in restraint of trade in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 (*see* Page ID # 87, 122);
4. Monopolization in violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2 (*see* Page ID # 87–88, 122);
5. Violation of the Ohio antitrust act, R.C. 1331.01 *et seq.* (*see* Page ID # 106–08, 121);
6. "Tortious Interference with Business Relationships and Contractual Relations" (*see* Page ID # 103–06); and
7. Declaratory judgment, R.C. 2721.01 *et seq.* (*see* Page ID # 101–03).

Less than a month after filing the FAC, on January 14, 2026, without consulting DAT and absent leave of the Court, Plaintiff filed a 522-page Second Amended Complaint. *See* Second Amended Complaint, ECF 1-3. *Contra* Ohio Civ.R. 15(A) ("A party may amend its pleading once as a matter of course within twenty-eight days . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").[1] A mere two days later, on January 16, 2026, Plaintiff filed yet another motion for a temporary restraining order. ECF 1-5. Plaintiff's second motion for a temporary restraining order was denied on January 20, 2026. *See*

---

[1] Plaintiff has made a motion in this Court to adopt the Second Amended Complaint as the operative pleading. *See* ECF 8. If this Court determines that Plaintiff should be granted leave to file the Second Amended Complaint, the pleading should be stricken for the reasons explained in DAT's motion to strike the Second Amended Complaint. *See* ECF 4-1 at PageID # 950–56.

ECF 4-1 at PageID # 948.  On January 20, 2026, the case was removed from the Cuyahoga County Common Pleas Court to this Court.  ECF 1.

### III.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Allegations must also be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  If a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response," the defendant "may move for a more definite statement."  Fed. R. Civ. P. 12(e); *see also, e.g.*, *Watson v. City of Eastlake*, No. 1:10-cv-01975, 2010 WL 3860606, at *1 (N.D. Ohio Sept. 29, 2010) (Polster, J.) (dismissing complaint with prejudice for failure to comply with order for more definite statement).

### IV.    ARGUMENT

This Court should dismiss the FAC for (A) failure to follow pleading requirements and (B) failure to state a claim upon which relief can be granted.

#### A.    The FAC Should Be Dismissed For Failure To Follow Pleading Requirements.

Plaintiff's FAC should be dismissed because it fails to conform to numerous requirements contained in the Federal Rules of Civil Procedure.  The pleading does not use numbered paragraphs.  *See* Fed. R. Civ. P. 10(b).  The allegations are not "simple, concise, and direct."  *See*

4

Fed. R. Civ. P. 8(d)(1). And 243 pages is the antithesis of a "short and plain statement." *See* Fed. R. Civ. P. 8(a)(2). Other courts confronted with similarly unstructured and verbose complaints, even from *pro se* plaintiffs, have dismissed the pleadings as deficient and failing to conform to well-established pleading standards. In *Parra v. Judicial Conference of the United States*, for example, the Court dismissed a 404-page *pro se* complaint for failure because the pleading was "neither short nor plain, and the allegations cannot be described as simple, concise, or direct." No. 1:25-cv-01061-UNA, 2025 WL 1233924, at *2 (D.D.C. Apr. 29, 2025) ("Courts have often dismissed complaints that contain bloated and disorganized allegations such as this for violations of Rule 8."; collecting cases). Similarly, in *Almudhafer v. Spotsylvania Volunteer Rescue Squad*, the Court dismissed a 126-page *pro se* complaint for failure to comply with Rule 8, determining that "the shuffled pages, convoluted and redundant narratives, and intersecting legal and doctrinal conclusions asserted by the Plaintiff give rise to a landscape where, to determine the viability of Plaintiff's claims, the Court would have to engage in the improper task of articulating essential elements and devising arguments on Plaintiff's behalf." No. 3:25-cv-01057-RCY, 2026 WL 49652, at *2 (E.D. Va. Jan. 7, 2026). The same result should also be reached here.

### B. The FAC Should Be Dismissed For Failure To State A Claim.

The FAC should be dismissed for the independent and sufficient reason that it fails to plausibly state a claim for any of the purported claims raised against DAT.

More fundamentally, the FAC does not plausibly allege that DAT itself took any action that caused Plaintiff injury. The alleged harms in the FAC center on conduct by brokers and payment entities—such as withholding payment, issuing Notices of Assignment, and filing liens—not any identifiable act by DAT. This failure to plead DAT-specific injury and causation independently warrants dismissal of the claims against DAT.

1. **Federal RICO And Ohio RICO: There Are No Plausible Allegations Of Predicate Acts By DAT**

Plaintiff's claims for violation of the Federal and Ohio RICO statutes should be dismissed for failure to plausibly allege that DAT committed at least two predicate acts. "[A] plaintiff asserting a [federal] RICO violation must establish that each defendant individually committed at least two 'predicate acts.'" *Rose Nevada, Inc. v. Audrey Homes, LLC*, No. 24-cv-10818, 2025 WL 907882, at *3 (E.D. Mich. Mar. 25, 2025) (dismissing RICO claim for failure to allege predicate acts). The same is true under the Ohio RICO statute. *See, e.g.*, *Miller v. First Safety Bank*, No. 1:14-cv-00368, 2014 WL 12586315, at *10 (S.D. Ohio Dec. 30, 2014) (dismissing Federal RICO and Ohio RICO claims for failure to plausible alleged predicate acts). "Predicate acts of fraud must plead fraud with particularity" under Fed. Civ. R. P. 9(b). *Id.* In the FAC, Plaintiff lists purported predicate acts of "Wire fraud," "extortion by economic fear," "financial coercion and interference with commerce," and "deprivation of property through fraudulent and coercive means." FAC, ECF 1-2 at PageID # 126–32. There are no allegations that DAT specifically committed any of those purported predicate acts—to the extent parties are identified in the pleading, they are not DAT. *See, e.g.*, FAC, ECF 1-2 at PageID # 128 (identifying defendants other than DAT as committing extortion by economic fear). And any alleged acts of fraud as to DAT are not plead with heightened particularity under Fed. Civ. R. P. 9(b): there are no allegations as to the who, what, where, when, or how of fraud. Because Plaintiff fails to plausibly plead two predicate acts committed by DAT, the Federal RICO and Ohio RICO claims should be dismissed. *See, e.g.*, *Miller v. First Safety Bank*, 2014 WL 12586315, at *10.

2. **Sherman Act And Ohio Antitrust Act: There Are No Plausible Allegations Defining A Relevant Antitrust Market.**

To the extent that Plaintiff asserts antitrust claims under the federal Sherman Act or the Ohio state act, those claims should be dismissed for failure to plausibly define the relevant antitrust

6

market. "A plaintiff must first define the relevant market in order to state a claim under the [federal] antitrust statutes." *Cupp v. Alberto-Culver USA, Inc.*, 310 F.Supp.2d 963, 969 (W.D. Tenn. 2004) (granting Rule 12(b)(6) motion to dismiss Sherman Act Sections 1 and 2 claims for failing to define market); *see also, e.g.*, *Kentucky Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc.*, 588 F.3d 908, 919 (6th Cir. 2009) ("Failure to identify a relevant market is a proper ground for dismissing a Sherman Act claim."). "The Ohio Supreme Court has held that the [Ohio antitrust] Act must be construed in harmony with federal antitrust law." *Mohawk Rebar Serv., Inc. v. Int'l Ass'n of Bridge, Structural, Ornamental*, No. 1:14-cv-00137, 2015 WL 5657252, at *10 (N.D. Ohio Sept. 24, 2015) (citing *Johnson v. Microsoft Corp.,* 106 Ohio St.3d 278, 834 N.E.2d 791, 800–02 (Ohio 2005)) (dismissing Ohio antitrust act claim for same reasons as dismissal of Sherman Act claim). "The relevant market analysis includes both a product market and a geographic market." *Cupp*, 310 F.Supp.2d at 969 (citing *Brown Shoe Co. v. United States*, 370 U.S. 294, 324 (1962)). "The outer boundaries of a product market are determined by the reasonable interchangeability of use or the cross-elasticity of demand between the product itself and substitutes for it." *Id.* (quoting *Brown Shoe*, 370 U.S. at 325).

Here, the entirety of Plaintiff's attempt to define a relevant market is simply a list of supposed markets which spans less than half a page. FAC, ECF 1-2 at PageID #86. There are no allegations of the geography of such markets, the products and substitutes in such markets, the defendants which participate in which markets, nor the markets which Plaintiff participates in. *See generally id.* This is plainly insufficient and too vague to plausibly allege a relevant antitrust market under *Twombly*. *See, e.g.*, *Cupp*, 310 F.Supp.2d at 969 (granting Rule 12(b)(6) motion to dismiss Sherman Act Sections 1 and 2 claims for failing to define market). This deficiency supports dismissal of Plaintiff's antitrust claims against DAT.

7

### 3. Tortious Interference: There Are No Allegations Of A Contractual Breach Or Specific Relationships.

Plaintiff makes two varieties of tortious interference claims under Ohio law: tortious interference with contract and tortious interference with business relationships. Plaintiff's claims fail under either theory because Plaintiff has failed to plead a plausible contract breach or specific business relationship. *See, e.g.*, *BCG Masonic Cleveland, LLC v. Live Nation Ent., Inc.*, 570 F.Supp.3d 552, 557 (N.D. Ohio 2021) (granting motion to dismiss both varieties of claims).

To allege a claim for tortious interference with breach of contract, the plaintiff must plausibly allege that the defendant knew of a contract with plaintiff and that that contract was actually breached. *See id.* Here, there are plainly no allegations that any contract with Plaintiff has been breached, let alone that DAT knew of the contract. *See generally* FAC. On this basis, the claim for tortious interference with contract should be dismissed. *See BCG*, 570 F.Supp.3d at 557.

To allege a tortious interference with business relations claim, the plaintiff must allege, among other elements, a specific business relationship with which defendant interfered. *See id.* at 559. "A vague assertion that a party interfered with certain unspecified business relationships is insufficient to state a claim." *Id.* Here, Plaintiff similarly fails to allege any specific business relationship with which DAT interfered. *See generally* FAC.

For these reasons, Plaintiff's claim for tortious interference with business relations should be dismissed as it fails to plead a cognizable claim against DAT under any theory.

### 4. Declaratory Judgment: The Court Should Decline To Exercise Supplemental Jurisdiction.

Plaintiff's remaining claim is an Ohio state law claim for a declaratory judgment. *See* FAC, ECF 1-2, at PageID # 101–103. This claim too, fails, and should be dismissed. "District courts have discretion to refuse to exercise supplemental jurisdiction over state law claims if 'the district

8

court has dismissed all claims over which it has original jurisdiction.'" *Slobodian v. City of Cleveland*, No. 1:24-cv-01792, 2025 WL 948032, at *6 (N.D. Ohio Mar. 28, 2025) (Polster, J.) (quoting 28 U.S.C. § 1367(c)(3)). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Id.* (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 124, 1254–55 (6th Cir. 1996)). Because all federal claims in this case should be dismissed for the reasons discussed *supra*, this Court should decline to exercise supplemental jurisdiction over any declaratory judgment claim.

V.  **CONCLUSION**

For the foregoing reasons, the entirety of Plaintiff's FAC should be dismissed under Fed. R. Civ. P. 12(b)(6). In the alternative, DAT respectfully requests an order under Fed. R. Civ. P. 12(e) directing Plaintiff to file an amended complaint reasonably allowing DAT to prepare a responsive pleading. From the FAC, DAT is unable to determine which claims are asserted against it, which factual allegations relate to those claims, and what relief is being sought against DAT. *See, e.g.*, *Watson v. City of Eastlake*, No. 1:10-cv-01975, 2010 WL 3860606, at *1 (N.D. Ohio Sept. 29, 2010) (Polster, J.) (ordering more definite statement where complaint "is so vague with regard to important factual allegations, and so ambiguous with regard to claims, that defendants are prejudiced in their attempt to answer it").

Dated: January 27, 2026

>/s/ Kristin L. Bryan
> Kristin L. Bryan (0095300)
> James M. Brennan (0101670)
> SQUIRE PATTON BOGGS (US) LLP
> 1000 Key Tower
> 127 Public Square
> Cleveland, Ohio 44114

9

                    Telephone: +1 216 479 8500
                    Facsimile: +1 216 479 8780
                    E-mail: kristin.bryan@squirepb.com
                            james.brennan@squirepb.com

Attorneys for Defendant DAT Solutions, LLC d/b/a DAT Freight & Analytics

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2026, the foregoing document was electronically filed with the Clerk of the Court using the ECF system which will send notifications of such filing to all counsel of record.  A copy of this filing will be mailed to Plaintiff Sandra Worthing Alves, 25540 Byron Drive, North Olmsted, OH 44070.

                                                             */s/ Kristin L. Bryan*
                                                              Kristin L. Bryan