# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA WORTHING ALVES, | ) | CASE NO. 1:26-CV-00150 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| INTERNET TRUCKSTOP | ) | |
| PAYMENTS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT C.H. ROBINSON'S MOTION TO STRIKE SECOND AMENDED COMPLAINT AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO ANCHOR

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendant C.H. Robinson Worldwide, Inc. ("C.H. Robinson") hereby moves this Court to strike Plaintiff Sandra Worthing Alves' ("Plaintiff") Second Amended Complaint ("SAC") of January 14, 2026 for failure to comply with Rule 15(a) of the Federal Rules of Civil Procedure and Rule 15(A) of the Ohio Civil Rules. C.H. Robinson further moves this Court to deny Plaintiff's Motion to Anchor Adopt and Incorporate the State Court Record (Plaintiff's "Motion").

A Brief in Support is attached hereto and incorporated herein.

Respectfully submitted,

*/s/ Clare R. Taft*
Eric Larson Zalud (0038959)
Clare R. Taft (0076570)
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
Email:

1

28175588 v1

ezalud@beneschlaw.com
ctaft@beneschlaw.com

*Attorneys for Defendant C.H. Robinson Worldwide, Inc.*

28175588 v1

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF OHIO EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA WORTHING ALVES, | ) | CASE NO. 1:26-CV-00150 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| INTERNET TRUCKSTOP | ) | |
| PAYMENTS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT C.H. ROBINSON'S MOTION TO STRIKE SECOND AMENDED COMPLAINT AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO ANCHOR**

I.  INTRODUCTION

C.H. Robinson respectfully asks the Court to strike Plaintiff's improper 522-page Second Amended Complaint (the "SAC"). The SAC is a nearly incoherent amalgamation of text incorporating narrative prose, document requests, and discovery motions all under the purported caption of a pleading, filed *without* leave from the Cuyahoga County Court of Common Pleas. The SAC disregards essential pleading requirements pursuant to both the Ohio Civil Rules and the Federal Rules of Civil Procedure. Prior to removal, Plaintiff also filed the SAC in state court without obtaining, or even seeking, leave of Court from the Cuyahoga County Court of Common Pleas to file a *second* amended complaint pursuant to Ohio Civil Rule 15(A) and Federal Rule 15(a). On that basis alone, the Court must strike the Second Amended Complaint.

After C.H. Robinson removed this case to federal court, Plaintiff also filed a so-called "Motion to Anchor Adopt and Incorporate the State Court Record." This Motion is nonsensical and is not supported by any rule of civil procedure. Moreover, Plaintiff's Motion

3

is unnecessary because C.H. Robinson, as part of its removal papers, already filed a "copy of all process, pleadings, and orders served upon such defendant" in the state court proceeding, as required under 28 U.S.C. 1446(a). Plaintiff's Motion is also defunct because it asks the Court to rely upon the SAC as the operative Complaint, but the SAC must be stricken because it was improperly filed. Thus, C.H. Robinson also requests that the Court deny Plaintiff's Motion to Anchor[1].

## II. LAW AND ARGUMENT

### A. *Facts and Background.*

Plaintiff initiated the instant action on December 10, 2025, when she filed a 30-page self-described "Super Complaint" (ECF No. 1-1) and a motion for an emergency *ex parte* temporary restraining order (ECF No. 1-4, Plaintiff's "First TRO"). Plaintiff filed her initial Complaint in the Court of Common Pleas of Cuyahoga County, Ohio. The matter was styled *Sandra Worthing Alvez v. Internet Truckstop Payments LLC, et al.*, Case No. 25 CV 12 9498 (the "State Court Action"). Plaintiff did not include C.H. Robinson as a defendant in her "Super Complaint." (ECF No. 1-1).

On December 16, 2025, the Cuyahoga County Court of Common Pleas denied Plaintiff's First TRO. (A true and correct copy of the Order is attached hereto as **Exhibit 1** and has been filed with this Court as a supplement to ECF No. 1.) The Cuyahoga County Court of Common Pleas found that Plaintiff failed to comply with the filing requirements of Ohio Civ.R. 65(A) because there was "no written certification of any efforts made to give [defendants] notice of the request for a temporary restraining order or the reasons why notice is not required." (*Id*.) The Cuyahoga County Court of Common Pleas also found that Plaintiff "failed to demonstrate

---

[1] If the Court elects not to strike the SAC, C.H. Robinson will move to dismiss the SAC on largely the same grounds stated in C.H. Robinson's Motion to Dismiss the First Amended Complaint, which is being filed contemporaneously with this Motion to Strike.

4

28175588 v1

[that] immediate and irreparable injury, loss or damages [would] result to Plaintiff before defendants may be heard in opposition." (*Id.*)

The next day, December 17, 2025, Plaintiff filed her *First* Amended Complaint, adding C.H. Robinson as a defendant. (ECF No. 1-2, PageID# 44.) On January 14, 2026, Plaintiff filed a *Second* Amended Complaint, without leave of the Court of Common Pleas, as required by Ohio Civil Rule 15(A). (ECF No. 1-3, PageID# 289.) Two days later, on January 16, 2026, Plaintiff filed her Second TRO. (ECF No. 1-5.) Despite the Common Pleas Court's unambiguous explanation of the requirements under Ohio Rule of Civil Procedure 65(A), Plaintiff once again did not provide notice of her request for a temporary restraining order and did not otherwise satisfy the Cuyahoga County Court of Common Pleas's guidelines. (*See* ECF No. 1-5) (Plaintiff fails to even list C.H. Robinson under the "Parties" section, and as such, fails to describe any contact with C.H. Robinson).

C.H. Robinson removed this action to this Court on January 20, 2026. (ECF No. 1.) That same day, the Cuyahoga County Court of Common Pleas entered a journal entry declaring: "Motion for temporary restraining order ex parte 01/16/2026, is Moot. See prior order of this Court." (A true and correct copy of the Order is attached hereto as **Exhibit 2** and has been filed with this Court as a supplement to ECF No. 1).

After C.H. Robinson removed this case to this Court, Plaintiff filed her self-styled "Motion to Anchor Adopt and Incorporate the State Court Record" on January 23, 2026. (ECF No. 8) The Motion argues, incorrectly and improperly, that the Court should enter an Order "adopting, incorporating, and anchoring the complete record of pleadings" from the State Court Action. The Motion further argues for "confirmation that the Second Amended Complaint remains—and has always been—the operative pleading in this action." (ECF No.

5

28175588 v1

8.) In her Motion, Plaintiff disregards the clear mandates and requirements of the Federal and Ohio Civil Rules regarding amendments to pleadings, instead claiming a right to file the SAC "cleanly, procedurally, and ask of right" and that the SAC "immediately became the controlling pleading and superseded all prior complaint." (*Id*.) Plaintiff goes on to complain about the basic procedure for removal, which was followed by C.H. Robinson in removing the State Court Action to this Court. But none of Plaintiff's arguments have merit, as explained below.

### B. The Court Must Strike the SAC.

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." The SAC is impertinent for the reasons stated below and must be stricken.

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course" without leave of the court, "21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." But ***"[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave*** ." Fed.R.Civ.P. 15(a)(2) (emphasis added). Further, when parties, even *pro se* parties, fail to follow this procedural requirement, the proper remedy is to strike the improperly pled complaint. *Nicholson v. City of Westlake*, 20 Fed.Appx. 400, 402 (6th Cir. 2001) (affirming the lower court's decision to strike a *pro se* plaintiff's second amended complaint filed without leave from the court and affirming the lower court's decision ordering the plaintiff to "file an amended complaint setting

6

28175588 v1

forth more clearly his retaliation claim"). Plaintiff filed the SAC without leave of court, after already filing an original Complaint and a First Amended Complaint. The Civil Rules simply do not permit Plaintiff unlimited attempts to revise and expound upon her claims. Thus, the Court must strike the SAC.

### C. *The Court Must Deny the Motion.*

Despite Plaintiff's protestations to the contrary, the SAC has *not* "always been…the operative pleading in this action." As set forth above, the Court must strike the SAC for failure to comply with state and federal civil rules. Because striking the SAC would nullify the SAC as it stands, Plaintiff's Motion to "adopt" or "incorporate" the SAC necessarily fails.

Additionally, C.H. Robinson did not remove this case from state court based upon the SAC, as Plaintiff wrongly contends. (Doc. No. 8, PageID# 971.) Instead, C.H. Robinson removed this case based on the *properly filed First* Amended Complaint, which was served on C.H. Robinson by mail on December 23, 2025. (*See* Doc. No. 1.) C.H. Robinson denies Plaintiff's egregious allegation that C.H. Robinson attempted to engage in "selective reconstruction, or narrative steering of the record," as C.H. Robinson simply attached the lower court record for this Court's review, as required by 28 U.S.C. 1446(a). It is *Plaintiff* who chose to engage in "selective reconstruction" by failing to recognize and follow the proper pleading requirements in an attempt to rely upon the SAC. C.H. Robinson further denies any allegation Plaintiff claims against it, as more fully set forth in C.H. Robinson's concurrent Motion to Dismiss the First Amended Complaint.

The Court must also deny Plaintiff's Motion to "adopt and incorporate the complete state court docket" as redundant because C.H. Robinson has already provided the Court with the docket. Plaintiff's request to "anchor that record as the authoritative procedural history of this action" is similarly defunct, as the docket below speaks for itself, and there is no basis under the Federal Rules

of Civil Procedure for a motion to "anchor" the record. *See In re McFadden*, 477 B.R. 686, 688 (denying a pro se litigant's motion because he "filed a motion that is completely devoid of any reference to the bankruptcy code or rules" and does not "contain any citation to legal authority" as a basis for the motion). Additionally, under Local Rule 7.1(c), all motions must include a "memorandum of the points and authorities on which it relies in support of the motion." *See James v. Norfolk Southern Railway Co.*, 701 F.Supp.3d 674, 679 (N.D. Ohio 2023) (denying a motion to recuse partially because "[t]he motion does not cite to any legal authority for the relief it seeks"). Plaintiff's Motion contains zero references to legal authority supporting her claim that the Court needs to "adopt and incorporate the complete state court docket" or that the SAC should be the operative pleading.

Further, based on the arguments in Section II.B above, C.H. Robinson asks the Court to deny Plaintiff's request to "confirm that the Second Amended Complaint is the operative pleading." A party's reliance on a stricken document is improper. *See In re Klarchek*, 509 B.R. 175 (Bankr. N.D. Ill. 2014) ("Once the court decides that any portions of a pleading are stricken, they are then excluded 'from the pending litigation'") (internal citations omitted). As such, should the Court strike the SAC, Plaintiff's request to acknowledge its authority, and treat it as the operative pleading, must be denied.

Finally, the Court must deny Plaintiff's request to "clarify that narrative summaries and segmented post hoc filings do not substitute the record itself," as C.H. Robinson never asked the Court to do so, and there is no rule providing for any such relief anyway.

### III. CONCLUSION

For the foregoing reasons, the entirety of Plaintiff's Second Amended Complaint should be stricken under Federal Rule of Civil Procedure 12(f). Further, C.H. Robinson respectfully requests that this Court deny Plaintiff's Motion as "redundant, immaterial, [or] impertinent."

Dated: January 27, 2026

                                                       */s/ Clare R. Taft*
Eric Larson Zalud (0038959)
Clare R. Taft (0076570)
BENESCH, FRIEDLANDER, COPLAN, & ARONOFF, LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
E-mail: ezalud@beneschlaw.com
            ctaft@beneschlaw.com

*Attorneys for C.H. Robinson Worldwide, Inc.*

**CERTIFICATE OF SERVICE**

      The foregoing document is being filed and served via the Court's ECF filing system this 27th day of January 2026.

                                         */s/ Clare R. Taft*
                                         Clare R. Taft

                                         *One of the attorneys for Defendant C.H. Robinson Worldwide, Inc.*