## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

SANDRA WORTHING ALVES,

      Plaintiff,

          v.

INTERNET TRUCKSTOP PAYMENTS, LLC et al.,

      Defendant.

Case No. 1:26-cv-00150

Judge J. Dan A. Polster

### DEFENDANT HIGHWAY APP, INC.'S MOTION TO DISMISS
### UNDER RULE 12(B)(4) AND 12(B)(5) FOR INSUFFICIENT PROCESS AND
### INSUFFICIENT SERVICE OF PROCESS

Pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), Defendant Highway App, Inc. ("Highway") moves to dismiss the Complaint filed by Plaintiff Worthing Alves for (1) insufficient process; and (2) insufficient service of process. A Brief in Support is attached hereto and incorporated herein.

Respectfully submitted,

PERKINS COIE LLP

/s/ *Brandon M. White*
Ohio Bar No. 0075430
Perkins Coie LLP
700 13th St. NW
Washington, DC 20005
Telephone +1.202.654.6206

*Attorney for Defendant Highway App, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

SANDRA WORTHING ALVES,

      Plaintiff,

    v.

INTERNET TRUCKSTOP PAYMENTS, LLC et al.,

      Defendant.

Case No. 1:26-cv-00150

Judge J. Dan A.Polster

### DEFENDANT HIGHWAY APP, INC. BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(B)(4) AND 12(B)(5) FOR INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS

Plaintiff has not demonstrated and cannot demonstrate that Highway has been served with any summons and complaint. What the record reveals is not service—it is guesswork. Plaintiff mailed something to an address that appears to be a technology co-working space, obtained an illegible signature, and called it a day. As a result, Plaintiff's Complaint must be dismissed.

### I.     Procedural Background

On December 10, 2025, Plaintiff filed her Complaint against Highway in the Court of Common Pleas of Cuyahoga County, Ohio. (Doc. 1 Ex. 2). On December 24, 2025, Plaintiff attempted to serve a copy of the summons upon Highway at "440 N. Wolfe Rd.  Sunnyvale, CA 94085 C/O Registered Agent." (*See* Doc. 1 Ex. 1). Plaintiff filed a first amended complaint on December 17, 2025. (*See* Doc. 1 Ex. 2). Plaintiff filed a copy of a summons—but nothing else—and a certified mail receipt for a delivery on December 24, 2025, to "440 N. Wolfe Rd. Sunnyvale, CA 94085". (Doc. 1 Ex. 12, 13). Plaintiff filed a second amended complaint on January 14, 2025. (*See* Doc. 1 Ex. 3). Plaintiff's action was removed to federal court on January 20, 2026. (*See* Doc. 1) Plaintiff has filed no proof of service demonstrating service of any summons or complaint on Highway.

2

## II.     Law and Argument.

### A.     Dismissal for Insufficient Process under 12(b)(4) and Insufficient Service of Process under Rule 12(b)(5).

Federal Rules of Civil Procedure 12(b)(4) and (5) provide for dismissal of an action for "insufficient process" and "insufficient service of process," respectively. Without proper service, a court has no power over Highway—period. "[A] court may not exercise personal jurisdiction over a named defendant" unless that defendant has been served. *Viola v. Ohio AG,* N.D. Ohio No. 1:20-cv-765, 2021 WL 510746, at *7 (Feb. 11, 2021), citing *King v. Taylor,* 694 F.3d 650, 655 (6th Cir. 2012); *see also Engler v. Arnold*, N.D. Ohio No. 4:14-CV-2442, 2015 WL 4213642, at *2 (July 10, 2015). And without personal jurisdiction, a court is "powerless to proceed to an adjudication." *Viola,* 1:20-cv-765, 2021 WL 510746, at *7, citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999).

### B.     The Complaint Must Be Dismissed Because Plaintiff Has Not Shown That She Served a Copy of the Summons and Complaint upon Highway.

Under Federal Rule of Civil Procedure 4(h)(1)(B), Plaintiff was required to serve Highway (a corporation) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant." Plaintiffs must demonstrate good cause for failing to perfect service under Federal Rule of Civil Procedure 12(b)(4)-(5). *Maddox v. United Parcel Serv., Inc.*, N.D. Ohio No. 3:07 CV 2982, 2008 WL 1744756, at *1 (Apr. 11, 2008) (citing Fed. R. Civ. P. 4(m)).

This is Plaintiff's burden—not Highway's. *United Prod. Solutions, Ltd. v. Tara Toy Corp.*, N.D. Ohio No. 5:10CV01718, 2011 WL 3566849, at *2 (Aug. 12, 2011) (holding that burden of establishing good cause lies with the party opposing the motion to dismiss and necessitates a demonstration of why service was not made within the time constraints). The law places squarely

on Plaintiff the obligation to show good cause for her failure to perfect service. She has offered nothing.  Failure to show service on a proper recipient or in a proper manner justifies dismissal for insufficient service of process, without good cause. *Engler*, No. 4:14-CV-2442, 2015 WL 4213642, at *2; *see also Maddox*, No. 3:07 CV 2982, 2008 WL 1744756, at *2 (discussing how "difficulty locating the proper person and location to be served" is not sufficient good cause). Under Federal Rule of Civil Procedure 4(l)(1), Plaintiff must prove service by affidavit. She has not done so. Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

Plaintiff has filed no proofs of service, rendering it impossible to determine which documents, if any, Plaintiff attempted to serve on Highway. Based on the documents filed in the pre-removal Court of Common Pleas case by Plaintiff on December 31, 2025 (Doc. 1 Ex. 12, 13), it appears that Plaintiff may have attempted to serve a copy of the summons upon Highway by certified mail at "440 N. Wolfe Rd. Sunnyvale, CA 94085 C/O Registered Agent." But Plaintiff cannot show that "440 N. Wolfe Rd. Sunnyvale, CA 94085" is the address of Highway or any of Highway's officers, managing or general agents, or agents appointed by law to receive service of process.[1] Indeed, that address is not now, and has never been, associated with Highway's officers, managing or general agents, or agents. Moreover, the signature is unintelligible on the certified mail receipt, so it is not clear who signed the document.

If Plaintiff should argue that service was made under Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1), which permit service in accordance with the law of the state where service

---

[1] "440 N. Wolfe Rd.  Sunnyvale, CA 94085" appears to be the address of "Plug and Play Tech Center." Google Maps, Plug and Play Tech Center, 440 N. Wolfe Rd., Sunnyvale, Cal. 94085 [https://www.google.com/maps/place/Plug+and+Play+Tech+Center/@37.3839029,-122.0182377,16z/data=!4m15!1m8!3m7!1s0x808fb63f2ae624d3:0x7699502b36939f6b!2s440+N+Wolfe+Rd,+Sunn yvale,+CA+94085!3b1!8m2!3d37.383903!4d-122.0133668!16s%2Fg%2F11bw3xh94v!3m5!1s0x808fb63f28cc4ac7:0xc07b38490599d13d!8m2!3d37.3835677!4d -122.0130333!16s%2Fg%2F1t_kgs59?entry=ttu&g_ep=EgoyMDI2MDEyNi4wIKXMDSoASAFQAw%3D%3D?] (last visited Jan. 30, 2026).

4

was made or where the district court sits, her failure to direct service at an address with any connection to Highway compels the same result. Delivery of a document to a person who is not an authorized agent for service of process, at an address with no connection to a party, with no proof beyond an illegible signature, is not valid service under either Ohio Civ. R. 4.1(A) (certified mail) and 4.2(F) (service on corporations) or Cal. Code Civ. Proc. § 416.10 (service on corporations).

Thus, Plaintiff cannot show that she served any summons or complaint in this action on an officer of Highway, managing or general agent of Highway, or other agent authorized by appointment or by law to receive service of process on behalf of Highway.

At bottom, this is a matter of basic fairness. A defendant cannot be hauled into court to answer a complaint never served on it. That is precisely what Plaintiff seeks to do here, and the Rules do not permit it. The Rules require proper service. Plaintiff has not achieved it. This case must be dismissed.

## III.  Conclusion

Plaintiff's Complaint should be dismissed under Rules 12(b)(4) and (5) for insufficient service of process.

Dated: February 10, 2026                                  **PERKINS COIE LLP**

<u>/s/ *Brandon M. White*</u>
Ohio Bar No. 0075430
Perkins Coie LLP
700 13th St. NW
Washington, DC 20005
Telephone +1.202.654.6206

*Attorney for Defendant Highway App, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2026, the foregoing document was electronically filed with the Clerk of the Court using the ECF system which will send notifications of such filing to all counsel of record. A copy of this filing will be mailed to Plaintiff Sandra Worthing Alves, 25540 Byron Drive, North Olmsted, OH 44070.

*/s/ Brandon M. White*
Brandon M. White