## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **SANDRA WORTHING ALVES,** | ) | **CASE NO. 1: 26 CV 150** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **INTERNET TRUCKSTOP** | ) | |
| **PAYMENTS, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### Background

*Pro se* Plaintiff Sandra Worthing Alves initiated this case on December 10, 2025, by filing a 30-page "Super Complaint" against eleven defendants in the Cuyahoga County Court of Common Pleas along with a motion for an emergency ex parte temporary restraining order (TRO). *Sandra Worthing Alvez v. Internet Truckstop Payments LLC, et al.*, Case No. 25 CV 12 9498. The Court of Common Pleas denied her motion for a TRO. On December 17, 2025, Plaintiff filed a 243-page First Amended Complaint in the case against fifteen named defendants, apparently all connected in some way to the trucking industry, and over 29,000 John Doe "Brokers" and "Factoring Partners." (Doc. No. 1-2.)

On January 14, 2026, without obtaining leave of court, Plaintiff filed a 522-page Second Amended Complaint in state court (Doc. No. 1-3), and filed another motion for a TRO two days later.

Defendant C.H. Robinson removed the case to federal court on January 20, 2026, on the basis of federal claims asserted by Plaintiff (including under the Racketeer Influenced and Corrupt Organizations Act, the Hobbs Act, the Sherman Act, and federal criminal laws).  (Doc. No. 1.)

The parties have now filed various motions in federal court (including motions by Plaintiff "to Anchor Adopt and Incorporate the State Court Record" and for a TRO, and motions by various Defendants to dismiss Plaintiff's First Amended Complaint and/or strike her Second Amended Complaint).

**Standard of Review and Discussion**

Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Additionally, a complaint's allegations must also be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

Neither Plaintiff's 243-page First Amended Complaint, nor her 522-page Second Amended Complaint filed without leave of court, is short and plain or set forth in numbered paragraphs limited to a single set of circumstances.  Instead, her pleadings are unwieldy and indecipherable.  It is impossible for the Court (or Defendants) to parse Plaintiff's hundreds of pages of pleadings to ascertain her allegations and legal claims.  Plaintiff's *pro se* status does not

relieve her of the requirement of complying with federal pleading rules.  *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Accordingly, Plaintiff's First Amended Complaint, and her Second Amended Complaint even to the extent it could be allowed, warrant dismissal for violation of federal pleading requirements.  *See, e.g., Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases and holding that district courts act within their discretion in dismissing complaints under Rule 8 that are "needlessly long," "highly repetitious, confusing, or consist of "incomprehensible rambling").

Furthermore, federal courts are courts of limited jurisdiction have a duty to police the boundaries of their jurisdiction in every case.  *See* Fed. R. Civ. P. 12(h)(3).  "A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  Plaintiff's present pleadings are so incomprehensible that they do not provide a basis to establish this Court's subject-matter jurisdiction over viable federal claim in the case and warrant dismissal pursuant to *Apple v. Glenn*.

## Conclusion

Accordingly, Plaintiff's First Amended and Second Amended Complaints are dismissed for failure to comply with federal pleadings requirements and pursuant to *Apple v. Glenn*. Should Plaintiff wish to proceed with her federal claims, she must file and serve upon all named Defendants a new, Amended Complaint in the case within 30 days of the date of this Order that

is no more than 40 pages in length and that complies with the Federal Rules of Civil Procedure (including Rules 8, 10, and 12.)  Plaintiff is notified that her case may be dismissed without further notice if she fails to do so.

All pending motions (directed to Plaintiff's First and Second Amended Complaints) are hereby denied as moot.  Defendants may answer or respond to any new, Amended Complaint Plaintiff files in the case in accordance with the Federal Rules of Civil Procedure.  The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision would be frivolous and could not be taken in good faith.

IT IS SO ORDERED.

2/10/2026

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE