**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| SANDRA WORTHING ALVES, | ) | |
| | ) | Case No. 1:26-cv-00150-DAP |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge: Dan Aaron Polster |
| | ) | |
| INTERNET TRUCK STOP PAYMENTS, | ) | |
| LLC, et al., | ) | Magistrate Judge: Jonathan D. Greenberg |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>MOTION TO DISMISS MARCH 5, 2026 AMENDED COMPLAINT</u>

### I.    <u>INTRODUCTION</u>

In a definitive and well-reasoned order, this Court dismissed Plaintiff's "unwieldy and indecipherable" First Amended Complaint and Second Amended Complaint for "failure to comply with federal pleadings requirements" and for pleadings "so incomprehensible that they do not provide a basis to establish this Court's subject matter jurisdiction." Doc. No. 30 at 3. This Court expressly directed that if Plaintiff wanted to pursue her claims, she must file an amended complaint "that complies with the Federal Rules of Civil Procedure (including Rules 8, 10, and 12)." Instead of heeding this Court's order, Plaintiff filed a Third Amended Complaint which blatantly disregards the requirements of Federal Rules of Civil Procedure ("FRCP") 9 and 12, makes conclusory allegations in a shotgun pleading, and otherwise fails to cure the fundamental pleading deficiencies previously cited by the Court.

Thus, Defendant DAT Solutions, LLC d/b/a DAT Freight & Analytics ("DAT") hereby moves under Fed. R. Civ. P 12(b)(6) to dismiss Plaintiff Sandra Worthing Alves's ("Plaintiff") March 5, 2026 Amended Complaint, Doc. No. 32 (the "Third Amended Complaint"), with

prejudice for failure to state a claim. For Plaintiff's continued non-compliance, this Court should dismiss the Third Amended Complaint with prejudice. Specifically, Plaintiff's Third Amended Complaint fails to plausibly state any claim against DAT in its four counts.

*First*, Count I, for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, should be dismissed, among other reasons, because Plaintiff has not plausibly alleged that DAT committed two predicate acts. There are no allegations, let alone allegations meeting the heightened pleading standard of Fed. R. Civ. P. 9(b), that DAT committed wire fraud. Nor are there any plausible factual allegations supporting a Hobbs Act extortion claim, as the only allegation specific to DAT omits any mention of (1) property, (2) wrongful actions, or (3) threats or economic fear. As such, Count I clearly fails.

*Second*, Counts II and III for violation of the Sherman Act, 15 U.S.C. §§ 1–2, should be dismissed, among other reasons, because Plaintiff fails to plausibly allege a relevant market. There are no allegations of the geography of any markets, the products and substitutes in such markets, the defendants which participate in which markets, nor the markets in which Plaintiff participates. Indeed, Plaintiff even undercuts her own allegations about a relevant market existing by describing Defendants competing in *different* markets as "freight brokers" and "broker-facing platforms." Third Amended Complaint ¶ 140. On these grounds Count II also fails to plead a viable claim.

*Third*, Count IV for tortious interference with business relationships should be dismissed, among other reasons, because Plaintiff fails to allege any specific business relationship with which DAT interfered, or that DAT knew of such a relationship. Instead, the only allegations are boilerplate, general statements that "Plaintiff had valid and ongoing business relationships" and "Defendants had knowledge of these relationships." Third Amended Complaint ¶¶ 172–173.

These threadbare recitals are insufficient to state a claim for tortious interference under Ohio law. Therefore, Count IV also contains numerous fundamental pleading deficiencies.

Accordingly, DAT respectfully requests that this Court enter an order dismissing the entirety of the Third Amended Complaint with prejudice as to DAT.

## II. RELEVANT BACKGROUND

### A. Plaintiff's Defective First Amended Complaint and Second Amended Complaint.

Plaintiff initiated this case on December 10, 2025, when she filed in the Cuyahoga County Common Pleas Court, Case No. CV 25 129498, a 30-page, self-described "Super Complaint," Doc. No. 1-1. Plaintiff's Super Complaint named eleven defendants, including DAT. *See* Super Complaint ¶¶ 2–12, Doc. No. 1-1. On December 17, 2025, Plaintiff filed the significantly expanded 243-page First Amended Complaint. Doc. No. 1-2. Plaintiff's First Amended Complaint proceeded to include fifteen named defendants (plus over 29,000 John Doe defendants). Less than a month after filing the First Amended Complaint, on January 14, 2026, without consulting DAT and absent leave of the Court, Plaintiff filed a 522-page Second Amended Complaint. *See* Second Amended Complaint, Doc. No. 1-3.

On January 20, 2026, the case was removed from the Cuyahoga County Common Pleas Court to this Court. Doc. No. 1. On February 10, 2026, this Court dismissed Plaintiff's First Amended Complaint and Second Amended Complaint for both *(i)* failure to comply with federal pleadings requirements and *(ii)* being so incomprehensible as to not provide a basis for this Court's subject matter jurisdiction. Doc. No. 30. The Court directed that if Plaintiff wished to proceed with her federal claims, she should file an amended complaint within 30 days that is "no more than 40 pages in length and that complies with the [FRCP] (including Rules 8, 10, and 12.)." Doc. No. 30.

B.        **Plaintiff's Recently Filed Third Amended Complaint.**

Plaintiff filed her Third Amended Complaint on March 5, 2026.  Doc. No. 32.  The Third Amended Complaint names nine defendants, including DAT.  Third Amended Complaint ¶¶ 10–18.  Plaintiff asserts four counts against all Defendants: (I) Violation of 18 U.S.C. § 1962(c) (RICO); (II) Violation of Section 1 of the Sherman Act, 15 U.S.C. § 1; (III) Violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; and (IV) Tortious Interference with Business Relationships under Ohio law.  Third Amended Complaint pp. 17, 27, 30, 32.  There are a multitude of deficiencies in the pleading for each substantive count necessitating dismissal, as addressed further in the argument section below.

As part of the RICO allegations in Count I, Plaintiff alleges acts by certain Defendants that are allegedly violations of 18 U.S.C. § 1343 (wire fraud) or 18 U.S.C. § 1951 (Hobbs Act).  *See* Third Amended Complaint p.20 & ¶¶ 100–123.  However, the only "predicate act" allegation specific to DAT is the alleged "[i]nterstate use of the DAT load-board platform to publish freight opportunities and to electronically transmit motor-carrier identity and contact information between brokers and prospective carriers, thereby exposing Plaintiff's federally authorized operating authority within the broker-facing platform network."  Third Amended Complaint ¶ 110.

Additionally, each of the Third Amended Complaint's Sherman Act counts contain merely a single paragraph specifying the alleged relevant market.  For Count II, Plaintiff alleges that "[t]he relevant market includes the interstate brokerages and the broker facing platforms that function as the gatekeepers for carriers access to brokered loads and payment timing in interstate commerce."  Third Amended Complaint ¶ 141.  For Count III, Plaintiff alleges a slightly different "relevant market", again with one paragraph: "the interstate brokerage of truckload freight and the market for access by federally authorized motor carriers to brokered loads in interstate commerce."  Third Amended Complaint ¶ 157.  Plaintiff also asserts that Defendants in fact compete in different

4

markets.  *See* Third Amended Complaint ¶ 140 ("Some Defendants compete as freight brokers, others compete as broker-facing platforms.").

Moreover, with respect to the tortious interference claim in Count IV, Plaintiff makes the conclusory allegations that "Plaintiff had valid and ongoing business relationships and prospective business relationships with freight brokers and other participants in the interstate motor-carrier market" and that "Defendants had knowledge of these relationships."  Third Amended Complaint ¶¶ 172–173.  There are no allegations of a specific business relationship, freight broker, or other participant which DAT knew of and interfered with.  *See generally* Third Amended Complaint ¶¶ 170–179.

## III.  <u>LEGAL STANDARD</u>

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Importantly, under Fed. R. Civ. P. 9(b), there is a heightened pleading requirement for actions sounding in fraud: 'a party must state with particularity the circumstances constituting fraud or mistake.'" *Marek v. Navient Corp.*, No. 1:17-cv-01020-DAP, 2017 WL 2881606, at *6 (N.D. Ohio July 6, 2017) (dismissing fraud claim for failure to plead with particularity).  "This includes identifying the 'who, what, when, where, and how' of the alleged fraud." *Id.* (quoting *Bondali v. Yum! Brands, Inc.*, 620 F.App'x 483, 488–89 (6th Cir. 2015)).

IV.     **ARGUMENT**

The entirety of the Third Amended Complaint should be dismissed with prejudice because it fails to plausibly state a claim against DAT for *(i)* purported RICO violations (Count I), *(i)* alleged Sherman Act violations (Counts II and III), and *(iii)* tortious interference with business relationships (Count IV).

A.      **Count I: There Are No Plausible Allegations Of RICO Predicate Acts By DAT.**

Count I for alleged violation of the federal RICO statute should be dismissed for failure to plausibly allege that DAT committed at least two predicate acts.  "[A] plaintiff asserting a RICO violation must establish that each defendant individually committed at least two 'predicate acts.'" *Rose Nevada, Inc. v. Audrey Homes, LLC*, No. 24-cv-10818, 2025 WL 907882, at *3 (E.D. Mich. Mar. 25, 2025) (dismissing RICO claim for failure to allege predicate acts).  Predicate acts of fraud must be plead with particularity under Fed. Civ. R. P. 9(b).  *Id.*; *see also, e.g.*, *Miller v. First Safety Bank*, No. 1:14-cv-00368, 2014 WL 12586315, at *9 (S.D. Ohio Dec. 30, 2014) (dismissing RICO claim for failure to allege predicate acts of mail fraud).

To the extent that Plaintiff attempts to allege predicate acts of wire fraud in violation of 18 U.S.C. § 1343, Plaintiff fails to establish the elements of a wire fraud violation by DAT, let alone under the heightened particularity standard of Fed. Civ. R. P. 9(b).  There are no allegations as to DAT committing any fraud, let alone the "who, what, where, when, or how" of a fraud.  *See generally* Third Amended Complaint ¶¶ 100–136.  Because Plaintiff fails to sufficiently plead a wire fraud violation, the purported violation cannot stand as a predicate act for Plaintiff's RICO claim.  *See, e.g.*, *Miller v. First Safety Bank*, 2014 WL 12586315, at *10.

Similarly, to the extent Plaintiff relies on a Hobbs Act violation, her allegations fail to state a claim against DAT.  "The Hobbs Act defines extortion as 'the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under

6

color of official right.'"  *Griffin v. Jones*, No. 5:12-cv-00163, 2014 WL 4851785, at *6 (W.D. Ky. Sept. 29, 2014) (quoting 18 U.S.C. § 1951(b)(2)) (dismissing RICO claim predicated on wire fraud and Hobbs Act violations).  To claim extortion through "fear" of economic harm, "a plaintiff must allege facts that show (1) that the defendants obtained the plaintiff's property (2) through the wrongful use of (3) threats or fear of economic harm."  *Id.* (citing *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 407 (6th Cir. 2012)).  Plaintiff must plausibly plead facts beyond the conclusory elements of a Hobbs Act claim.  *See id.*

Here, there are no plausible allegations as to any element of Hobbs Act extortion.  The only predicate act allegation specific to DAT is that other defendants use DAT "publish freight opportunities and to electronically transmit motor-carrier identity and contact information between brokers and prospective carriers, thereby exposing Plaintiff's federally authorized operating authority within the broker-facing platform network."   Third Amended Complaint ¶ 110. Completely absent from this predicate act—or the others in Count I—are any plausible allegations that DAT (1) obtained property from Plaintiff, (2) obtained that property wrongfully, or (3) used threats or fear of economic harm.  As apparent from these deficiencies, Plaintiff does not (and cannot) plausibly state a Hobbs Act extortion violation.  *See, e.g.*, *Griffin v. Jones*, 2014 WL 4851785, at *7.

Because Plaintiff has failed to plausibly plead two predicate acts committed by DAT, Count I is deficient and should be dismissed with prejudice.  *See Griffin v. Jones*, 2014 WL 4851785, at *7.

### B.      Counts II and III: There Are No Plausible Allegations Defining A Relevant Antitrust Market.

Counts II and III asserting claims under the federal Sherman Act should be dismissed for failure to plausibly define the relevant antitrust market.  As made clear under federal precedent

7

within the Sixth Circuit, "[a] plaintiff must first define the relevant market in order to state a claim under the antitrust statutes." *Cupp v. Alberto-Culver USA, Inc.*, 310 F.Supp.2d 963, 969 (W.D. Tenn. 2004) (granting Rule 12(b)(6) motion to dismiss Sherman Act Sections 1 and 2 claims for failing to define market); *see also, e.g.*, *Kentucky Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc.*, 588 F.3d 908, 919 (6th Cir. 2009) ("Failure to identify a relevant market is a proper ground for dismissing a Sherman Act claim."). "The relevant market analysis includes both a product market and a geographic market." *Cupp*, 310 F.Supp.2d at 969 (citing *Brown Shoe Co. v. United States*, 370 U.S. 294, 324 (1962)). "The outer boundaries of a product market are determined by the reasonable interchangeability of use or the cross-elasticity of demand between the product itself and substitutes for it." *Id.* (quoting *Brown Shoe*, 370 U.S. at 325).

In contrast with these well-established standards, the entirety of Plaintiff's attempt to define a relevant market are two inconsistent paragraphs listing multiple roles in the American freight and logistics industry. Third Amended Complaint ¶¶ 141, 157. Plaintiff also undercuts her own allegations, noting that Defendants compete in different markets as "freight brokers" and "broker-facing platforms." Third Amended Complaint ¶ 140. There are no allegations of the geography of any markets, the products and substitutes in such markets, the defendants which participate in such markets, nor the markets in which Plaintiff participates. *See generally* Third Amended Complaint ¶¶ 141, 157. This is plainly insufficient and too vague to plausibly allege a relevant antitrust market under *Twombly*. *See, e.g.*, *Cupp*, 310 F.Supp.2d at 969 (granting Rule 12(b)(6) motion to dismiss Sherman Act Sections 1 and 2 claims for failing to define market). This deficiency necessitates dismissal of Counts II and III with prejudice.

**C.**     **Count IV: There Are No Allegations Of A Breach Of Specific Business Relationships.**

Count IV should be dismissed with prejudice because Plaintiff has failed to plead plausible interference with a specific business relationship.  *See, e.g.*, *BCG Masonic Cleveland, LLC v. Live Nation Ent., Inc.*, 570 F.Supp.3d 552, 557 (N.D. Ohio 2021) (granting motion to dismiss claim for tortious interference with business relationships).  To allege a tortious interference with business relations claim, the plaintiff must allege, among other elements, a specific business relationship with which defendant interfered.  *See id.* at 559.  "A vague assertion that a party interfered with certain unspecified business relationships is insufficient to state a claim."  *Id.* (quoting *Barrio Bros., LLC v. Revolucion, LLC*, No. 18-cv-2052, 2020 WL 3547014, at *7 (N.D. Ohio Jun. 30, 2020) (granting motion to dismiss tortious interference with business relations claim); *see also, e.g.*, *Wilkey v. Hull*, 366 F.App'x 634, 638 (6th Cir. 2010) (affirming dismissal of tortious interference with business relations claim where "[plaintiff] merely states that [defendant] 'interfered' with certain unspecified business relationships" because such "vague assertion of interference, … is just a 'legal conclusion' that is itself entitled to no weight."); *Lott v. Res. MFG*, No. 5:25-cv-01260, 2025 WL 3223872, at *3 (N.D. Ohio Nov. 19, 2025) (dismissing claim where the complaint "fails to set forth any allegations explaining how Defendants caused a breach or termination of an unspecified [business] relationship with a third party.").

Notwithstanding this abundance of precedent as to firmly delineated pleading standards governing her claim, Plaintiff fails to allege any specific business relationship with which DAT interfered.  *See generally* Third Amended Complaint ¶¶ 170–179.  The only allegation of DAT's knowledge of any relationship is a boilerplate allegation that "Defendants had knowledge of these relationships."  Third Amended Complaint ¶ 173.  These threadbare recitals are insufficient to state

a claim for tortious interference, and Count IV should thus be dismissed with prejudice. *See, e.g.*, *BCG Masonic*, 570 F.Supp.3d at 559.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the entirety of Plaintiff's Third Amended Complaint should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

Dated: March 13, 2026

<div style="margin-left:50%">

*/s/ Kristin L. Bryan*
Kristin L. Bryan (0095300)
James M. Brennan (0101670)
SQUIRE PATTON BOGGS (US) LLP
1000 Key Tower
127 Public Square
Cleveland, OH 44114
Telephone: +1 216 479 8500
Facsimile: +1 216 479 8780
E-mail: kristin.bryan@squirepb.com
            james.brennan@squirepb.com

Attorneys for Defendant DAT Solutions, LLC d/b/a DAT Freight & Analytics

</div>

**LOCAL RULE 7.1(F) CERTIFICATION**

I hereby certify that the foregoing memorandum related to a dispositive motion adheres to the page limitations set forth in Local Rule 7.1(f).  The case track is unassigned and the page limit is 20 pages.

*/s/ Kristin L. Bryan*
Kristin L. Bryan

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2026, the foregoing document was electronically filed with the Clerk of the Court using the ECF system which will send notifications of such filing to all counsel of record.  A copy of this filing will be mailed to Plaintiff Sandra Worthing Alves, 25540 Byron Drive, North Olmsted, OH 44070.

*/s/ Kristin L. Bryan*
Kristin L. Bryan