| | | |
|---|---|---|
| **SANDRA WORTHING ALVES,** | : | **CASE NO: 1:26-cv-00150-DAP** |
| | : | |
| **Plaintiff,** | : | |
| | : | Judge: Dan Aaron Polster |
| **-v-** | : | |
| | : | |
| **INTERNET TRUCK STOP** | : | **MOTION TO DISMISS PLAINTIFF'S** |
| **PAYMENTS, LLC, et al.** | : | **THIRD AMENDED COMPLAINT** |
| | : | |
| **Defendants.** | : | |

Defendant GenLogs, Inc. ("GenLogs" or "Defendant") hereby submits this Motion to Dismiss (the "Motion") in response to Plaintiff Sandra Worthing Alves's ("Alves" or "Plaintiff") amended complaint filed March 5, 2026 (the "Third Amended Complaint"). For the reasons set forth in the accompanying Memorandum in Support, GenLogs respectfully requests that this Court dismiss Plaintiff's claims against Defendant GenLogs pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

*/s/Samuel A. Meadows*
Samuel A. Meadows (0096818)
REMINGER CO., L.P.A.
200 Public Square, Suite 1200
Cleveland, Ohio 44114
216-430-2267 direct dial; 216-687-1841 fax
E-mail:  smeadows@reminger.com
*Attorney for Defendant GenLogs*

SANDRA WORTHING ALVES,  :  CASE NO: 1:26-cv-00150-DAP
:
**Plaintiff,**  :
:  Judge: Dan Aaron Polster
-v-  :
:  **MEMORANDUM IN SUPPORT OF**
INTERNET TRUCK STOP  :  **MOTION TO DISMISS PLAINTIFF'S**
PAYMENTS, LLC, et al.  :  **THIRD AMENDED COMPLAINT**
:
**Defendants.**  :

## I.  Introduction

Plaintiff's Third Amended Complaint asserts four causes of action against GenLogs—(i) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.; (ii) violation of Section 1 of the Sherman Act, 15 U.S.C. § 1; (iii) violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; and (iv) tortious interference with business relationships under Ohio law. These are the same generalized claims Plaintiff asserts against numerous defendants in this action.

Despite the breadth of these allegations, Plaintiff fails to plead any specific facts showing that GenLogs engaged in any wrongful conduct. Instead, Plaintiff relies on conclusory assertions and group pleading, without identifying any particular acts taken by GenLogs that would give rise to liability or support a claim. At most, the Complaint references GenLogs in general, descriptive terms, without connecting GenLogs to any alleged unlawful scheme or wrongdoing.  GenLogs is a software-as-a-service platform focused on reducing fraud in the commercial freight industry; it is not a freight broker, carrier, shipper, or industry regulator.

Because Plaintiff's allegations consist of labels, conclusions, and formulaic recitations of legal elements, rather than well-pleaded facts, none of the claims meet the bare minimum standard

of plausibility required under federal law to state a viable claim. For the reasons stated herein and in the motions of other defendants joined by GenLogs, all claims against GenLogs should be dismissed with prejudice.

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Importantly, under Fed. R. Civ. P. 9(b), there is a heightened pleading requirement for actions sounding in fraud: 'a party must state with particularity the circumstances constituting fraud or mistake.'" *Marek v. Navient Corp.,* No. 1:17-cv-01020-DAP, 2017 WL 2881606, at *6 (N.D. Ohio July 6, 2017) (dismissing fraud claim for failure to plead with particularity). "This includes identifying the 'who, what, when, where, and how' of the alleged fraud." *Id*. (quoting *Bondali v. Yum! Brands, Inc.,* 620 F.App'x 483, 488–89 (6th Cir. 2015)).

## III. Argument

### A. Count I Fails Because Plaintiff Does Not Plausibly Allege RICO Predicate Acts by GenLogs.

GenLogs respectfully submits that, as similarly argued by other defendants, Count I should be dismissed because Plaintiff fails to plausibly allege that GenLogs committed at least two predicate acts required to sustain a RICO claim. In the Third Amended Complaint, Plaintiff alleges that GenLogs violated 18 U.S.C. § 1962(c) through the transmittal of "mapped real-time location together with inward-facing camera video and audio to platform-facing systems" to allow continuous tracking of freight trucks. See Third Amended Complaint ¶ 109. Plaintiff further alleges

that GenLogs operated a "freight intelligence system" and used "surveillance and financial data" to shift loads. *Id.* ¶¶ 119, 121. These allegations, however, are purely descriptive and speculative, and do not plausibly establish any racketeering activity.

A plaintiff asserting a RICO violation must establish that each defendant individually committed at least two predicate acts. *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 699 F.3d 466, 484 (6th Cir. 2012); *Thermodyn Corp. v. 3M Co.*, 593 F. Supp. 2d 972, 976 (N.D. Ohio 2008). Failure to do so warrants dismissal. *Id.*; see also *Miller v. First Safety Bank*, 2014 WL 12586315, at *9–10.

To the extent Plaintiff attempts to allege predicate acts of wire fraud under 18 U.S.C. § 1343, the claim fails as a matter of law. Plaintiff does not allege that GenLogs made any fraudulent statement, does not identify any speaker, and does not allege when or where any such statement was made. Nor does Plaintiff explain why any statement was fraudulent. These omissions are fatal under Rule 9(b). *Miller*, 2014 WL 12586315, at *10.

Similarly, Plaintiff's reliance on the Hobbs Act is deficient. The Hobbs Act defines extortion as the obtaining of property from another, with consent, induced by wrongful use of force, violence, or fear. *Griffin v. Jones*, No. 5:12-cv-00163, 2014 WL 4851785, at *6 (W.D. Ky. Sept. 29, 2014). To plead extortion based on fear of economic harm, a plaintiff must allege facts showing that the defendant obtained property through the wrongful use of threats or coercion. *Id.* (citing *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 407 (6th Cir. 2012)).

Here, Plaintiff alleges no facts showing that GenLogs obtained any property from Plaintiff, acted wrongfully, or used threats or fear of economic harm. The absence of such allegations precludes any plausible claim of extortion. See *Griffin*, 2014 WL 4851785, at *7.

Because Plaintiff fails to plausibly allege even a single predicate act by GenLogs, let alone the two required under law, the RICO claim fails as a matter of law and must be dismissed with prejudice.

### B. Counts II and III Fail Because Plaintiff Does Not Plausibly Define a Relevant Antitrust Market.

GenLogs respectfully submits, consistent with the arguments advanced by other defendants and joined by GenLogs, that Plaintiff's claims under Sections 1 and 2 of the Sherman Act fail because the Complaint does not plausibly define a relevant antitrust market. A plaintiff must define the relevant market in order to state a claim under the antitrust laws. *Cupp v. Alberto-Culver USA, Inc.*, 310 F. Supp. 2d 963, 969 (W.D. Tenn. 2004). Failure to do so is a proper ground for dismissal. *Kentucky Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc.*, 588 F.3d 908, 919 (6th Cir. 2009).

A relevant market must include both a product market and a geographic market. *Cupp*, 310 F. Supp. 2d at 969 (citing *Brown Shoe Co. v. United States*, 370 U.S. 294, 324 (1962)). The boundaries of such a market are determined by the interchangeability of products and the cross-elasticity of demand.

Here, Plaintiff provides only vague and inconsistent descriptions of participants in the freight and logistics industry without identifying any coherent product or geographic market. The Complaint does not allege the boundaries of any market, the products or substitutes within that market, or GenLog's role within it. Such conclusory allegations are insufficient to state a claim under *Twombly*. See *Cupp*, 310 F. Supp. 2d at 969.

In addition, Plaintiff fails to allege or identify any agreement involving GenLogs that restrains trade, as required for a Section 1 claim, and fails to allege monopoly power or

exclusionary conduct, as required for a Section 2 claim. These deficiencies independently warrant dismissal of Counts II and III.

**C.  Count IV Fails Because Plaintiff Does Not Identify Any Specific Business Relationship**

GenLogs submits, in line with the arguments raised by co-defendants, that Plaintiff's claim for tortious interference with business relationships fails because it does not identify any specific business relationship with which GenLogs allegedly interfered. Under Ohio law, a plaintiff must allege a specific business relationship, the defendant's knowledge of that relationship, and intentional interference causing a breach or termination. *BCG Masonic Cleveland, LLC v. Live Nation Ent., Inc.*, 570 F. Supp. 3d 552, 559 (N.D. Ohio 2021).

A vague assertion that a defendant interfered with unspecified business relationships is insufficient to state a claim. *Id.* (quoting *Barrio Bros., LLC v. Revolucion, LLC*, No. 18-cv-2052, 2020 WL 3547014, at *7 (N.D. Ohio June 30, 2020)). Courts routinely dismiss such claims where plaintiffs fail to identify specific relationships or conduct. See also *Wilkey v. Hull*, 366 F. App'x 634, 638 (6th Cir. 2010); *Lott v. Res. MFG*, No. 5:25-cv-01260, 2025 WL 3223872, at *3 (N.D. Ohio Nov. 19, 2025).

Here, Plaintiff alleges only that it maintained relationships with unidentified "freight brokers" and that "Defendants" had knowledge of those relationships. Plaintiff does not identify any specific third party, contract, or business expectancy, nor does Plaintiff allege the existence of any contractual or business relationship with GenLogs or conduct by GenLogs that caused a breach or termination of some other business relationship.  These conclusory allegations are insufficient to sustain a claim and Count IV must be dismissed.

**IV.    Conclusion**

Plaintiff's Third Amended Complaint fails to allege any plausible claims against GenLogs. Each claim is based on conclusory allegations, group pleading, and a lack of factual support specific to GenLogs. Despite multiple opportunities to amend, Plaintiff has failed to cure these deficiencies, and further amendment would be futile.

For these reasons, and for those set forth in the motions to dismiss filed by its co-defendants, which GenLogs joins and incorporates herein, GenLogs respectfully requests that the Court dismiss all claims against it with prejudice.

Respectfully submitted,

*/s/Samuel A. Meadows*
Samuel A. Meadows (0096818)
REMINGER CO., L.P.A.
200 Public Square, Suite 1200
Cleveland, Ohio 44114
216-430-2267 direct dial; 216-687-1841 fax
E-mail:  smeadows@reminger.com
*Attorney for Defendant GenLogs*

## <u>LOCAL RULE 7.1(F) CERTIFICATION</u>

I hereby certify that the foregoing memorandum related to a dispositive motion adheres to the page limitations set forth in Local Rule 7.1(f). The case track is unassigned and the page limit is 20 pages.

*/s/ Samuel A. Meadows*
Samuel A. Meadows

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 22, 2026, the foregoing document was electronically filed with the Clerk of the Court using the ECF system which will send notifications of such filing to all counsel of record. A copy of this filing will be mailed to Plaintiff Sandra Worthing Alves, 25540 Byron Drive, North Olmsted, OH 44070.

*/s/ Samuel A. Meadows*
Samuel A. Meadows